## 2000 ME 41

## COLD MOUNTAIN BUILDERS, INC.

v.

## Salim B. LEWIS et al.

Supreme Judicial Court of Maine.

Argued Feb. 7, 2000.

Decided March 3, 2000.

Daniel A. Pileggi (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for plaintiff.

Jotham D. Pierce Jr. (orally), Pierce Atwood, Portland, for defendant.

Before CLIFFORD, RUDMAN, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Salim B. Lewis appeals from the judgment of the Superior Court (Knox County, *Pierson, J.*) denying his motion to vacate an arbitrator's award and granting Cold Mountain Builders, Inc.'s motion to confirm the award. On appeal, Lewis contends that the arbitrator refused to hear evidence material to the controversy and thereby substantially prejudiced his rights.

### I. BACKGROUND

[¶ 2] In December 1996 and January 1997, Cold Mountain Builders, Inc. filed suits against Salim Lewis seeking to recover payments for renovations undertaken by Cold Mountain on two properties owned by Lewis in Rockport. One of the issues in dispute was whether Lewis was being overcharged or charged for materials not actually used in the renovation of his properties. On September 10, 1997, Lewis filed a request for production of documents seeking most of the documentation possessed by Cold Mountain in connection with the renovations. Included in the request, at paragraph 7, was a request for any and all invoices, bills and other similar papers for materials used in the renovations. Some disclosures were made and

documents were produced in response to the request for production of documents. However, the discovery request remained outstanding and was, apparently, never entirely resolved. No action was initiated in the Superior Court to enforce the discovery request regarding the invoices or any other such materials.

[¶3] On October 6, 1998, the parties agreed to arbitrate their dispute and selected a neutral arbitrator. The arbitration hearing was scheduled to begin on November 10, 1998. On November 5, counsel for Lewis sent counsel for Cold Mountain a letter requesting that Cold Mountain provide all invoices for materials in connection with the Lewis renovations. This was followed up with a subpoena, pursuant to 14 M.R.S.A. § 5933 (1980), which was received by Cold Mountain's counsel on November 9, 1998. Cold Mountain objected to this subpoena request indicating that it was too late and over-broad. The matter was apparently initially discussed with the arbitrator at the start of the hearing on November 10, 1998. A transcript of that discussion was not included in the record presented to the Superior Court on appeal. It does not appear that, on November 10, Lewis requested a continuance to obtain court enforcement of the subpoena. The matter was again discussed at the conclusion of the arbitration hearing at which point the arbitrator indicated that the request for the invoices for materials was presented too late and that he would not enforce the subpoena to obtain the invoices.

## II. DISCUSSION

[¶4] On appeal from the order of the Superior Court, Lewis contends that the arbitrator's refusal to enforce the subpoena and require production of all of the invoices requires vacating the award pursuant to 14 M.R.S.A. § 5938(1)(D) (1980). Section 5938(1)(D) states that the court shall vacate an award where "[t]he arbitrators refused to ... hear evidence material to the controversy ... as to prejudice substantially the rights of a party."

[¶5] We do not read section 5938(1)(D) to require that arbitrators hear all evidence offered by any participant to an arbitration proceeding—regardless of whether the evidence is relevant, timely, or otherwise has probative value to the subject of the proceedings. Arbitrators, like judges, have some range of discretion with regard to what evidence they may consider.

[¶6] The arbitrator in this case acted within the range of his discretion in refusing to enforce a last minute request for production of documents of uncertain relevance, which had originally been requested 14 months before the arbitration, but which request had not been pressed until the eve of the arbitration proceedings. In addition, Lewis has not demonstrated the substantial prejudice required to be shown by section 5938(1)(D). Accordingly, we determine that the arbitrator did not abuse the discretion available to the arbitrator in this matter. Thus, section 5938(1)(D) was not violated by the arbitrator's actions.

The entry is:

Judgment affirmed.