STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-85

*TDW-Cum. 5/9/2000*

THOMAS L. BOHAN,

     Plaintiff-Appellee

vs.

DECISION AND ORDER

JOSEPH PASTORE,

     Defendant-Appellant

Defendant Joseph Pastore has appealed from an order of the District Court entered on August 31, 1999 (Powers, J.), confirming a fee arbitration award in favor of plaintiff Thomas Bohan in the amount of $22,500 and entering judgment against Pastore in that amount. Subsequent to the filing of the appeal, Pastore filed a motion in the district court to vacate the judgment pursuant to M.R.Civ.P. 60(b) on the basis of newly discovered evidence. Simultaneously, Pastore filed a motion in this court to stay his appeal so that the district court could hear his Rule 60(b) motion.[1]

The court heard argument on both the appeal and the motion to stay the appeal at the same time. It is not convinced that any purpose would be served by

---

[1] Bohan also filed a motion to strike in this case, arguing that the court should not consider an argument, made for the first time in Pastore's Reply Brief, relating to the fact that one of the arbitrators had also participated in the January 25 hearing by telephone. Given that Pastore's counsel stated at the hearing on the appeal that the argument in question was not being advanced as a basis to set aside the arbitration award but only in rebuttal to arguments made in Bohan's brief, the parties have agreed that the court need not rule on the motion to strike.

staying the appeal at this time and accordingly will decide the appeal. The court is not ruling on Pastore's motion to vacate the judgment under Rule 60(b), which remains to be decided by the district court.[2]

The only issue pursued on the appeal, as framed by Pastore, is whether the denial by the fee arbitration panel of Pastore's request for a postponement of the second arbitration hearing held in this case caused substantial prejudice to Pastore under 14 M.R.S.A. §5938 (1)(D), which provides that

> Upon application of a party, the court shall vacate an award where the arbitrators refused to postpone the hearing upon sufficient cause being shown therefore . . . or otherwise so conducted the hearing . . . as to prejudice substantially the rights of a party.

The record demonstrates that after an initial hearing on November 16, 1998 at which Pastore was present, the panel recessed to allow the parties to submit further evidence in written form after which the panel would decide whether a further hearing was necessary. Pastore wrote a letter on December 4, 1998 submitting certain documentary evidence and informing the arbitrators that he had to go to Florida on December 10 for a trade show and that he intended to stay in Florida for the remainder of the winter because he had an arthritis and frostbite condition and his doctor had suggested he spend the winter months in a warmer environment. He repeated this information in a letter dated December 18, 1998.

---

[2] This motion was filed in the district court and then transmitted to the superior court so that it could be placed in the file, which had been transmitted to the superior court as the record on Pastore's appeal. As far as the court can tell, subsequent filings by the parties with respect to Pastore's Rule 60(b) motion have been docketed in the district court but placed in the file that is currently in the custody of the Superior Court because of the pending appeal.

Although Pastore had not expressly requested that no further hearing be held until the spring, the Fee Arbitration Commission, in a letter to the parties dated January 4, 1999, treated Pastore's letters as such a request. At that time the commission tentatively scheduled a second hearing for January 25, 1999. It is undisputed that a second hearing was in fact held on January 25, 1999, that Pastore was offered the opportunity to participate by telephone, and that he did participate by telephone, although the degree to which he participated appears to be disputed on this record. It is also undisputed that Pastore agreed that a further hearing scheduled for February 22, 1999 could be called off and that both parties were permitted instead to present additional information by affidavit.

Upon review of the record, the court finds no basis to conclude that the district court erred when it found that Pastore did not meet his burden of showing that he had demonstrated sufficient cause to require a postponement before the arbitration panel. Accepting Pastore's statement that his doctor had recommended that he spend the winter in a warm climate, the court sees nothing in the record that suggests that it would have been impossible or injurious to Pastore to travel to Maine for a one day hearing. Given the offer to accommodate Pastore be allowing him to participate by telephone, the court cannot conclude that the district court erred in rejecting Pastore's contention that the decision to go forward with the January 25 hearing should invalidate the arbitration award. See Cold Mountain Builders, Inc. v. Lewis, 2000 ME 41, ¶¶5-6.

3

The entry shall be:

> The judgment of the district court is affirmed. The case is remanded so that the district court may consider Pastore's motion based on newly discovered evidence.

Dated: May 9 , 2000

Thomas D. Warren
Justice, Superior Court

Date Filed __10-13-99__  __CUMBERLAND__  Docket No. __AP 99-85__

County

Action __APPEAL FROM DISTIRCT-COURT - CONTRACT__


THOMAS L. BOHAN                    JOSEPH PASTORE

vs.

MAY 24 200

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ROBERT E. MITTEL, ESQ<br>PO BOX 427, PORTLAND ME 04112 | RALPH A. DYER, ESQ  773-6489<br>477 CONGRESS ST., SUITE 1010<br>PORTLAND ME 04101 |

Date of
Entry